129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cedric ALLEN, Plaintiff-Appellant,
v.
T.J. BROWN; T. Rosario; Mr. Byrd; K. Haworth; T. Zink;
B. Spence; A. Harwood; A.G. Gordon; J.W.
Bridges; J.J. Johnson; R.O. Daniels;
Mr. Vansandt; D. Cruiz,
Defendants-Appellees.
 No. 96-15133.
D.C. No. CV-94-00393-DFL.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Oct. 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of California David F. Levi, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cedric Allen, a California state prisoner, appeals pro se the district court's judgment for defendants following a jury verdict in his 42 U.S.C. § 1983 action alleging violation of his right to due process, use of excessive force and deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1983 and affirm.
 
 
 3
 We review the record following a jury trial only to consider whether it contains "such relevant evidence as reasonable minds might accept as adequate to support a conclusion." Neibel v. Trans World Assurance Co., 108 F.3d 1123, 1128 (9th Cir.1997) (internal quotation omitted). Here, the record contains relevant evidence that prison officials (1) did not deprive Allen of due process at his disciplinary hearing because they considered the documentary evidence submitted by Allen and had legitimate reasons for not calling his witnesses, see Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974), (2) did not act maliciously and sadistically to cause harm when using force during Allen's transfer from one area of the prison to another, see Hudson v. McMillian, 503 U.S. 1, 6-7 (1992), and (3) were not deliberately indifferent to a serious medical need, see Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Accordingly, we conclude that there was substantial evidence to support the jury's verdict. See Neibel, 108 F.3d at 1128-29.
 
 
 4
 Allen also challenges the district court's judgment as a matter of law for defendant Daniels on his due process and conditions-of-confinement claims. We review de novo the district court's judgment as a matter of law. See Amarel v. Connell, 102 F.3d 1494, 1517 (9th Cir.1997). Here, we conclude that the district court did not err by concluding that the conditions described by Allen were not sufficient to establish that he had a liberty interest in not being placed in the Violent Control Unit. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir.1996). We also conclude that because Allen conceded that defendant Daniels did not personally participate in the alleged violation of Allen's Eighth Amendment rights while he was confined in the Violent Control Unit, the district court did not err by dismissing this claim against defendant Daniels. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Accordingly, the district court did not err by entering judgment as a matter of law in favor of defendant Daniels. See Amarel, 102 F.3d at 1517.
 
 
 5
 Allen also challenges two evidentiary rulings of the district court. We review for an abuse of discretion a district court's evidentiary rulings and require that the appellant demonstrate some legal prejudice that flowed from the challenged ruling. See Central Office Tel., Inc. v. American Tel. & Tel. Co., 108 F.3d 981, 991 (9th Cir.1997). Here, Allen argues that the district court erred by admitting a rules violation report which stated that Allen had been convicted of rape because it was unduly prejudicial. On at least two occasions, Allen relied on this report as an exhibit and moved to have it admitted. Under such circumstances, we cannot conclude that the district court abused its discretion by admitting this evidence. See id. Allen also argues that the district court erred by excluding two inmate appeal forms which Allen had submitted to prison officials. Because this evidence was redundant in light of Allen's ability and willingness to testify, see Fed.R.Evid. 403, we cannot conclude that the district court abused its discretion by admitting this evidence. See Central Office, 108 F.3d at 991.
 
 
 6
 Finally, because Allen filed his notice of appeal before the district court ruled on his motion for a new trial, and Allen did not file an amended notice of appeal after the district court denied the motion, we do not have jurisdiction to consider his contention that the district court erred by denying the motion. See Fed.R.App.P. 4(a)(4).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Allen's request for oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal